IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ERIN MOCK, | X |
| Plaintiff, | : |
| v. | : Case No. 3:13-CV-00457 |
| VIACOM INC. | : |
| Defendant. | : |
| | X |

## STIPULATION OF SETTLEMENT
### AND FED. R. CIV. P. 41(A) VOLUNTARY DISMISSAL WITH PREJUDICE

This Stipulation of Settlement ("Stipulation") is made and entered into between Plaintiff

Erin Mock ("Plaintiff") and Defendant Viacom Inc. ("Viacom") (each, a "Party" and, together,

the "Parties"), on the terms and conditions set forth below:

WHEREAS, Plaintiff alleges that she watched the MTV Video Music Awards show

broadcast on the MTV television network, operated by Viacom, in August 2001;

WHEREAS, during the show, MTV allowed viewers to cast votes among several choices

for Best New Artist, with voting possible by several means, including the sending of SMS text

messages using mobile telephones, and Plaintiff alleges that she cast such a vote by means of an

SMS text message;

WHEREAS, Plaintiff alleges that (1) MTV, or a vendor on its behalf, confirmed receipt

of her vote by return text message, (2) in the weeks that followed, MTV, or a vendor on its

behalf, sent her two subsequent text messages advertising MTV programming; (3) she

transmitted a "stop" message after receipt of the second advertising message; (4) she received a

message confirming her stop request; (5) she nevertheless received another advertising message

pertaining to MTV several days later, prompting her to send a second "stop" message, and she

received a confirmation of that second stop message, as well, after which she alleges no further

receipt of messages;

WHEREAS, Viacom contends, and Plaintiff denies, that it received Plaintiff's consent to

send the messages at issue, and Viacom further instructed the vendor that operated its text

messaging program to honor all stop messages and had no reason to believe those instructions

were not being followed in all instances;

WHEREAS, on May 14, 2013, Plaintiffs commenced this action against Viacom (the

"Action"), alleging violations of and seeking statutory damages under the Telephone Consumer

Protection Act, 47 U.S.C. § 227 *et seq.*;

WHEREAS, Plaintiff, through her counsel, has conducted an investigation of the facts

and analyzed the relevant legal issues and, although Plaintiff and her counsel believe that the

claims asserted in the Action have substantial merit, they also have examined the benefits to be

obtained under the settlement set forth in this Stipulation, and have considered the risks, costs

and delays associated with the continued prosecution of the Action and the likely appeals of any

rulings in favor of either Plaintiff or Viacom on matters pertaining to Plaintiff's attempt to certify

a class or the merits of the case;

WHEREAS each of the Parties and counsel believes, after fully investigating the facts

and analyzing the legal issues, in consideration of all the circumstances and after arms' length

settlement negotiations between counsel, that its interests are best served by entering into the

settlement set forth in this Stipulation;

NOW, THEREFORE, it is agreed by the undersigned on behalf of Plaintiff and Viacom

that all Claims (as defined below) of Plaintiff against Viacom be settled, compromised and

- 2 -

released, and that the Action is dismissed with prejudice, without costs to any Party (except as provided below), on the following terms and conditions:

1.      Viacom represents and warrants that, in connection with future MTV voting programs, it will not enroll those who vote by SMS text message in its text message advertising program without their consent.

2.      Viacom will confirm with its current text messaging vendor, which is not the same vendor that operated the 2011 program at issue in this lawsuit, that it is a member of the Mobile Marketing Association ("MMA") and has undertaken to comply with MMA guidelines, which include honoring stop messages from consumers as soon as practicable.

3.      Viacom will pay plaintiff Three Thousand Dollars ($3,000).

4.      Viacom will pay Plaintiffs' counsel a fee of Fifty Two Thousand Dollars ($52,000).

5.      The payments specified above in Paragraphs 3 and 4 will be made within fifteen (15) business days after the later of (a) the parties' filing of this stipulation with the Court and the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(a); and (b) Viacom's receipt from Plaintiff and Plaintiff's counsel of a properly-executed New Vendor Information Form and Form W-9..

6.      Other than as set forth herein, Viacom shall not be liable for any fees or expenses of Plaintiff or Plaintiff's counsel in connection with the Action.

7.      To the fullest extent permitted by law, neither this Stipulation nor the fact of it, nor any act performed, nor any statements made publicly or otherwise in responding to concerns raised by Plaintiffs or other users, nor any document negotiated or executed pursuant to or in furtherance of it, is or may be deemed to be or may be used as an admission or concession of, or

evidence of any liability or violation of any law by Viacom in any court, administrative agency or other tribunal.

8.      As of the date on which the Action is finally dismissed with prejudice and without further action, Plaintiff, by entry of the Order of Dismissal with Prejudice, fully, completely and generally forever, to the fullest extent permitted by law, releases Viacom and all of its subsidiaries, affiliates and joint ventures, and each and all of its and their agents, employees, representatives, predecessors, successors, assigns, shareholders, officers, directors, distributors, customers, attorneys, insurers, heirs, executors and administrators, from any and all claims, rights, demands, obligations, agreements, contracts, representations, promises, liens, accounts, debts, liabilities, expenses, damages, costs, interest, attorney's fees, judgments, orders, and causes of action of every kind and nature, whether known or unknown, suspected or unsuspected, existing or claimed to exist, legal or equitable, including, but not limited to, all claims for damages and any other form of relief (each a "Claim") arising out of the facts, circumstances and claims alleged in the Action (collectively, the "Released Claims"). Neither this Stipulation nor the dismissal of the Action affects Claims of any person other than the named Plaintiff.

9.      Plaintiff acknowledges that she has read, considered and understands the provisions and significance of Section 1542 of the California Civil Code, and any and all provisions, rights and benefits of any United States federal, state or territorial law, rule or regulation or principle of common law that is similar, equivalent or identical to Section 1542, which presently provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM

- 4 -

OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
HER SETTLEMENT WITH THE DEBTOR

Plaintiff expressly waives any and all rights she have or may have under Section 1542 of the

California Civil Code as now worded or hereafter amended, or such similar, equivalent or

identical provisions, rights or benefits. In connection with this waiver, Plaintiff acknowledges

being aware that she may hereafter discover Claims presently unknown or unsuspected facts in

addition to or different from those which they now know or believe to be true with respect to the

Released Claims and that she expressly waives and fully, finally and forever releases any known

or unknown, suspected or unsuspected, contingent or non-contingent Released Claim.

10.      The Court shall retain jurisdiction to resolve disputes arising under this Stipulation until

June 30, 2015, after which the Stipulation shall have no further force and effect.

11.      This Stipulation contains the entire agreement among the Parties and supersedes any prior

agreements or understandings between them. It shall be construed as if drafted by all the Parties.

Having obtained the express permission and consent of their respective clients, the undersigned

counsel hereby consent to the terms and conditions set forth above by signing below. The

undersigned signatories represent that they are fully authorized to execute and enter into the

terms and conditions of this Stipulation on behalf of the respective persons or entities for whom

they have signed it.


**[REST OF PAGE INTENTIONALLY LEFT BLANK]**


- 5 -

12. Plaintiff hereby dismisses the Action with prejudice pursuant to Rule 41(a).

DATED: July 11, 2013

Dated: July 12, 2013

Erin Mock

Dated: July 11, 2013

KAZEROUNI LAW GROUP, APC

By: Abbas Kazerounian
Attorney for Erin Mock

Dated: _____, 2013

HYDE & SWIGART

By: Joshua Swigart
Attorney for Erin Mock

Dated: July 11, 2013

DAVIS, KESSLER & DAVIS

By: Andy Peters-Davis
Attorney for Erin Mock

- 6 -

Dated: July 11, 2013

DEBEVOISE & PLIMPTON LLP

By: Jeffrey Jacobson
Attorney for Viacom Inc.


Dated: _____, 2013

BOWEN HAYES & KREISBERG, PLC

By: Will Parsons
Attorney for Viacom Inc.


Dated: July 11, 2013

VIACOM INC.

By: Michelena Hallie
Vice President & Assistant Secretary

Dated: _____, 2013          DEBEVOISE & PLIMPTON LLP

                                _____
                                By:  Jeffrey Jacobson
                                Attorney for Viacom Inc.

Dated: July 11, 2013            BOWEN HAYES & KREISBERG, PLC

                                _____
                                By:  Will Parsons
                                Attorney for Viacom Inc.

Dated: _____, 2013          VIACOM INC.

                                _____
                                By:  Michelena Hallie
                                Vice President & Assistant Secretary

- 7 -

Case 3:13-cv-00457   Document 25   Filed 07/12/13   Page 8 of 8 PageID #: 66